US Bank N.A. v Quacoe (2019 NY Slip Op 05805)





US Bank N.A. v Quacoe


2019 NY Slip Op 05805


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-09019
 (Index No. 32821/08)

[*1]US Bank National Association, etc., respondent,
v
Gertrude M. Quacoe, etc., appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (David Berg, Abraham David, and Gordon Speckhard of counsel), for appellant.
Ras Boriskin LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gertrude M. Quacoe appeals from an order and judgment of foreclosure and sale of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 15, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated July 30, 2014 (Peter P. Sweeney, J.), granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, and an order of the same court (Peter P. Sweeney, J.), dated June 3, 2016, denying those branches of that defendant's motion which were pursuant to CPLR 5015(a)(1) to vacate her default in opposing the motion for summary judgment and for leave to amend her answer to assert the defense of lack of standing, granted the plaintiff's motion for a judgment of foreclosure and sale, denied that defendant's cross motion to dismiss the complaint, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Gertrude M. Quacoe (hereinafter the defendant). The defendant submitted a timely pro se answer in which she did not assert lack of standing as an affirmative defense. The plaintiff moved, inter alia, for summary judgment on the complaint, the defendant failed to oppose that motion, and the motion was granted by order dated July 30, 2014. The defendant subsequently moved, inter alia, to vacate her default in opposing the motion and for leave to amend her answer to assert the affirmative defense of lack of standing. The defendant's motion was denied by order dated June 3, 2016. Thereafter, the plaintiff moved for leave to enter a judgment of foreclosure and sale and the defendant cross-moved to dismiss the complaint on the ground that the plaintiff failed to give the defendant notice of her default, as required by paragraph 22 of the mortgage. In an order and judgment of foreclosure and sale dated February 15, 2017, the Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and directed the sale of the subject premises. The defendant appeals.
In her brief on appeal, the defendant acknowledges that her affidavit in support of that branch of her motion which was to vacate her default in opposing the plaintiff's motion for summary judgment did not deny receipt of the plaintiff's motion papers. Moreover, the defendant failed to [*2]assert a reasonable excuse for her default in opposing the motion. Accordingly, we agree with the Supreme Court's denial of those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) to vacate her default in opposing the plaintiff's motion for summary judgment and for leave to amend her answer to assert the defense of lack of standing.
Further, we agree with the Supreme Court's denial of the defendant's cross motion to dismiss the complaint for failure to comply with a condition precedent contained in paragraph 22 of the mortgage. The defendant waived her right to assert a lack of compliance with a condition precedent in the mortgage, as she failed to assert it as an affirmative defense in her original answer or in that branch of her motion which was for leave to amend her answer (see CPLR 3015[a]; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court